# EXHIBIT A

121282
BY-274
6-7-2021

# IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

Case Number: <u>21-CC-056505 Division M</u>

**LEUTRIM TOPALLI**

<u>Address: 2110 W Platt  Tampa FL 33606</u>

       Plaintiff(s)

vs

**PORTFOLIO RECOVERY ASSOCIATES, LLC**

       Defendant(s)

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE (COVID)

STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S) (Name & address of Defendant(s) to be Served)
**PORTFOLIO RECOVERY ASSOCIATES, LLC, POST OFFICE BOX 6200  TALLAHASSEE FL  32314,**

**YOU ARE HEREBY NOTIFIED** that you are required to appear on the **15th day of July, 2021** at **10:00 AM** for a PRETRIAL CONFERENCE. "PLEASE GO TO WWW.FLJUD13.ORG [FLJUD13.ORG] TO CHECK THE INDIVIDUAL JUDGE'S SITE FOR INSTRUCTIONS DUE TO COVID-19."

THE COUNTY COURT DOES NOT PROVIDE INTERPRETERS OR TRANSLATORS; YOU ARE RESPONSIBLE FOR PROVIDING YOUR OWN INTERPRETERS OR TRANSLATORS.

LA CORTE DEL CONDADO NO PROVEE INTERPRETES O TRADUCTORES, USTED ES RESPONSABLE DE PROVEER SU PROPIO INTERPRETE O TRADUCTOR.

TRIBINAL KONTE A PA BAY ENTÈRPRÈT OSWA TRANSLATOR, OU SE RESPONSAB POU FOUNI PWÒP ENTÈPRÈT OSWA TRANSLATOR OU.

Lead Attorney: <u>RASLAVICH , BENJAMIN W.</u>
Attorney for: <u>Leutrim Topalli</u>
Address: <u>KUHN RASLAVICH PA   2110 W PLATT ST  TAMPA FL  33606</u>
Florida Bar Number: <u>102808</u>

REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

SOLICITUDES DE ALOJAMIENTO POR PERSONAS CON DISCAPACIDAD

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de ADA, Hillsborough County Courthouse, 800 E. Twiggs St., Sala 604, Tampa, Florida 33602, (813) 272-7040, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

DEMANN POU AKOMODASYON POU MOUN KI GEN ENFIMITE

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan, fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

Cocv1256 (Rev 2/19/21)   Page 2 of 4

### IMPORTANT – READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME.
### DO NOT BRING WITNESSES – YOU MUST APPEAR IN PERSON OR BY ATTORNEY.

The Defendant(s) must appear in court on the date specified in order to avoid a default judgment. The Plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the Plaintiff(s) or the Defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference/Mediation.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

### Mediation

Mediation may take place during the time scheduled for the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and may withhold judgment or execution of levy

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and may withhold judgment or execution of levy.

RIGHT TO VENUE. The law gives the person or company who has sued you the right to file suit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s) have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following:

[1]     where the contract was entered into.

[2]     if the suit is on unsecured promissory note, where the note is signed or where the maker resides.

[3]     if the suit is to recover property or to foreclosure a lien, where the property is located.

[4]     where the event giving rise to the suit occurred.

[5]     where any one or more defendant(s) sued reside.

[6]     any location agreed to in a contract.

[7]     in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.


If you as the Defendant(s) believe the Plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer, in affidavit form (sworn to under oath) **with the court 7 days prior to your first court date** and send a copy to the Plaintiff(s) or Plaintiff's(s') attorney, if any.


A copy of the statement of claim shall be served with this summons.


DATED at Tampa, Florida. Issued on May 21, 2021.

CINDY STUART
CLERK OF THE CIRCUIT COURT

21-CC-956505 5/21/2021 12:16:44 PM

CINDY STUART, CLERK

Prepared By: Heather Garner, Deputy Clerk
Hillsborough County, Florida (813) 276-8100

Filing # 127008769 E-Filed 05/18/2021 11:01:50 AM

**IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

Leutrim Topalli,

    Plaintiff,

v.                                                                                          Case No.:

Portfolio Recovery Associates, LLC,

    Defendant.
_____/

**STATEMENT OF CLAIM AND DEMAND FOR JURY TRIAL**

Plaintiff Leutrim Topalli ("Plaintiff"), by and through her undersigned counsel, seeks redress for the unlawful practices of Defendant, Portfolio Recovery Associates, LLC ("Defendant"), to wit, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"), and in support thereof, alleges the following:

**NATURE OF THE ACTION**

**I.     THE FAIR DEBT COLLECTION PRACTICES ACT**

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692c(b) of the FDCPA provides that "[e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."[1]

5. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v.*

---

[1] The exceptions listed in section 1692b of the FDCPA are inapplicable in this case.

*Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also, Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

6. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

## II. THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

7. "The Florida Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." *In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

8. The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:
> 
> [...]

> (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

Fla. Stat. § 559.72.

9. In applying and construing the FCCPA, "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." Fla. Stat. § 559.77(5).

10. As set forth in more detail below, Defendant's written communications to Plaintiff violate the aforementioned and/or foregoing provisions of the FDCPA and FCCPA, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

11. This is an action for damages greater than $500 but less than $2,500, exclusive of attorney's fees and costs.

12. This action arises out of the Defendant's unlawful conduct, to wit, the acts and/or omissions of the Defendant in attempting to collect a consumer debt from Plaintiff violated the FDCPA and FCCPA.

13. Venue in Hillsborough County is proper because Plaintiff resides here, the Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

14. Plaintiff is natural person, and a citizen of the State of Florida, residing in Hillsborough County, Florida.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

16. Defendant does business in Florida.

17. Defendant holds itself out as a business providing debt collection services and identified itself as a debt collector when communicating with Plaintiff.

18. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Defendant holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

22. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

23. At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g., Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

**FACTUAL ALLEGATIONS**

24. Plaintiff is alleged to owe a financial obligation (hereinafter the "Alleged Debt").

25. The Alleged Debt consists of amounts allegedly due for consumer/personal purchases.

26. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

27. On or about August 25, 2020, Defendant caused to be sent a written communication to Plaintiff (hereinafter "Defendant's Collection Letter"). A true and correct copy of

5 | Page

Defendant's Collection Letter is attached hereto as "Exhibit A".

28. Defendant's Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) in that Defendant's Collection Letter conveys information regarding the Alleged Debt to Plaintiff.

29. As demonstrated by its form and content, Defendant's Collection Letter is an attempt by Defendant to collect the Alleged Debt from Plaintiff.

30. Upon information and belief, Defendant did not generate, print and/or transmit Defendant's Collection Letter to Plaintiff. Instead, Defendant outsourced the generation, printing, and/or transmission of Defendant's Collection Letter to a third-party vendor (hereinafter "Vendor").

31. In connection with Defendant's above-described outsourcing, Defendant communicated to Vendor information regarding Plaintiff's alleged debt including, but not limited to, Plaintiff's name, address, status as an alleged debtor, alleged account balance, alleged account number, and/or alleged creditor.

32. Plaintiff did not consent to Defendant's communication with Vendor.

33. The information communicated to Vendor by Defendant affects Plaintiff's reputation.

34. All conditions precedent to the filing of this action have occurred or been waived.

## COUNT I – VIOLATION OF THE FDCPA

35. Plaintiff re-asserts and re-alleges paragraphs 1 through 34 as if fully restated herein.

36. As detailed more fully above, Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff by and through Defendant's Collection Letter. In doing so, Defendant violated the FDCPA, to wit:

  a. Section 1692c(b) by communicating, in connection with the collection of any debt,

with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without Plaintiff's prior consent given directly to Defendant. *See, e.g., Hunstein v. Preferred Collection and Mgt. Services, Inc.*, 19-14434, 2021 WL 1556069 (11th Cir. Apr. 21, 2021).

37. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff's statutory right to privacy with respect to Plaintiff's financial information has been violated. *Hunstein v. Preferred Collection and Mgt. Services, Inc.*, 19-14434, 2021 WL 1556069, at *4 (11th Cir. Apr. 21, 2021)("Notably, the FDCPA's statutory findings explicitly identify "invasions of individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. § 1692(a). And to that end, the statutory provision under which Hunstein has sued here expressly prohibits a debt collector from "communicat[ing]" with any but a few persons or entities "in connection with the collection of any debt." *Id.* § 1692c(b). Although § 1692c(b) isn't identical in all respects to the invasion-of-privacy tort, we have no difficulty concluding that it bears "a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo*, 136 S. Ct. at 1549."); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)("Church has alleged that the FDCPA governs the letter at issue, and thus, alleges she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently alleged that she has sustained a concrete—*i.e.*, 'real'—injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges

she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. *See Spokeo, Inc.*, 578 U.S. at ——, 136 S.Ct. at 1549; *Havens Realty Corp.*, 455 U.S. at 373, 102 S.Ct. 1114. Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA. Accordingly, Church has sufficiently alleged that she suffered a concrete injury, and thus, satisfies the injury-in-fact requirement.")(internal footnotes omitted); *McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt […] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. […] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

38. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration, and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNT II – VIOLATION OF THE FCCPA

39. Plaintiff re-asserts and re-alleges paragraphs 1 through 34 as if fully restated herein.

40. As detailed more fully above, Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff by and through Defendant's Collection Letter. In doing so, Defendant violated the FCCPA, to wit:

   a. Section 559.72(5) by Disclosing to a person other than the Plaintiff or her or his family information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

41. As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited to fear, stress, confusion, deception, anxiety and worry, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

## DEMAND FOR JURY TRIAL

42. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

   (a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Alleged Debt;

   (b) Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Alleged Debt;

   (c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

   (d) A declaration that Defendant's collection effort as detailed herein violate the FCCPA;

   (e) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and

Fla. Stat. § 559.77(2); and

(f) Any other relief that the Court deems appropriate and just under the circumstances.

DATED: May 18, 2021

Respectfully submitted by:

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2110 West Platt Street
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiff

**Portfolio Recovery Associates, LLC**                                              Exhibit A

08/25/2020

Dear LEUTRIM TOPALLI,

## We know life happens.

Every day Portfolio Recovery Associates, LLC works with people to resolve their debt. We would love to do the same for YOU.

Sincerely,
PORTFOLIO RECOVERY ASSOCIATES, LLC

### Account Details
Account Number: 4341
Seller: SYNCHRONY BANK
Merchant: TJX
Original Creditor: SYNCHRONY BANK
Creditor to Whom Debt is Owed: PORTFOLIO RECOVERY ASSOCIATES, LLC
Balance: $2,588.49

### Account Offers



- 1 Payment of $2,588.49
- 6 Monthly Payments of $431.41*
- 12 Monthly Payments of $215.70*

Your account will be considered paid-in-full after your final payment is successfully posted.

OR



- 1 Payment(s) of $2,200.22 and SAVE $388.27*
- Pay $194.14 for 12 consecutive months and SAVE $258.81*
- Pay $102.46 for 24 consecutive months and SAVE $129.45*

The savings will be applied to the balance and your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted.

Within approximately 30 days of your final payment successfully posting, we will request that the three major credit reporting agencies delete our tradeline related to your account from your credit bureau report.

Your first payment must be received by: 09/28/2020
*We are not obligated to renew this offer.

### Contact Us

| Visit us online at: www.PRApay.com | Call Toll - Free 1-800-772-1413 to discuss your account with us. | Portfolio Recovery Associates, LLC P.O. Box 12914 Norfolk VA 23541 |

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Notice: See Reverse Side for Important Information

94C2

DEPT 922
PO BOX 4115
CONCORD CA 94524

Account Number: 4341
Payment Amount: _____

CHANGE SERVICE REQUESTED

LEUTRIM TOPALLI
2041 LEGACY PALMS DR
MAITLAND FL 32751-7526

Pay Online at www.PRApay.com
or mail to:

PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. Box 12914
Norfolk VA 23541

Filing # 127008769 E-Filed 05/18/2021 11:01:50 AM

### IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
### IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

Leutrim Topalli,

    Plaintiff,

vs.                                      CASE NO.:

Portfolio Recovery Associates, LLC,

    Defendant.

_____/

### DESIGNATION EMAIL ADDRESS FOR SERVICE OF COURT DOCUMENTS

KUHN RASLAVICH, P.A., by and through the undersigned attorneys, hereby designate the following email addresses for use pursuant to the Florida Rule of Judicial Administration 2.516:

    Ben@thekrfirm.com

    Clay@thekrfirm.com

    Service1@thekrfirm.com

### CERTIFICATION OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the summons in this action.

DATED: May 18, 2021

| /s/ *Clayton Kuhn* | /s/ *Benjamin W. Raslavich* |
|---|---|
| **CLAYTON T. KUHN, ESQ.** | **BENJAMIN W. RASLAVICH, ESQ.** |
| Florida Bar No.: 97982 | Florida Bar No.: 0102808 |
| **KUHN RASLAVICH, P.A.** | **KUHN RASLAVICH, P.A.** |
| 2110 West Platt Street | 2110 West Platt Street |
| Tampa, FL 33606 | Tampa, FL 33606 |
| Telephone: (813) 422-7782 | Telephone: (813) 422 – 7782 |
| Facsimile: (813) 422-7783 | Facsimile: (813) 422 – 7783 |
| clay@thekrfirm.com | ben@thekrfirm.com |
| Counsel for Plaintiff | Counsel for Plaintiff |